Well, we've been in law schools all week, so it's kind of odd and disappointing in a way, not to be in a law school, but many thanks to the Court of Appeals for the First Circuit and to the District Court for hosting us today. First case is 24-1290, Pictometry International v. Nearmap. Ms. Vu, please, whenever you're ready. Please proceed. Good morning, and may it please the Court, I'm Laura Vu on behalf of Pictometry. The Board determined that claims of the 880 patent are unpatentable, and this appeal relates to errors that impact the Board's findings as to the limitation of providing visual access in the independent claims as well as errors in the dependent claims. Today, I'll first address the inconsistencies in the Board's decision. I'll then turn to the Board's APA violations relating to the motivation to combine and the Board's failure to address certain limitations in the dependent claims, and then I'll address claim construction. Unless the Court prefers a different order, I'll start with the inconsistencies. So for context, the Board analyzed the providing visual access limitation under the Board's construction and Pictometry's construction. And it concluded under either construction, the result was the same, right? That's right, but there are errors under both construction that require the Court to remand the Board's decision. Are we required, though, to resolve the construction dispute? We think the Court should resolve the construction dispute. For one, the construction dispute shows that the decision under the Board's construction should not be affirmed, and the Court should remand on dependent claims 3 and 16 regardless of what happens under either of the Board's findings. And so because of that issue, the construction would be helpful for the Board on remand. Now, I guess I'll just address the dispute, or the issue with dependent claims 3 and 16 first. Here in footnote 6, the Board did not address all of the limitations in dependent claims 3 and 16. Dependent claims 3 and 16 recite additional limitations of... Well, what was the briefing below? The other side contends that you didn't really raise the kinds of arguments with respect to the additional limitations in claims 3 and 16 below. Is that correct? That's not correct. We raised that. We raised the dispute on those arguments, those limitations, at Appendix 293 to 294. That's the patent owner response, where we did individually address the using latitude and longitude coordinates limitations. But did you make an argument that the latitude and longitude are independently important to the patentability analysis? Can you give us those page numbers again? I'm sorry. Yes, Appendix 293 to 294. Yes, we believe we did make those arguments. So, 293 to 294, we argue that claims 3 and 16 recite additional limitations of using latitude and longitude coordinates. And at 294, the combination fails to address the additional details of using latitude and longitude coordinates. But it seemed like that was embedded in the larger issue you raised, I think, about whether there needs to be a second step or a second database. It didn't seem like you were saying there was any independent significance to latitude and longitude. Why would that be a misreading of what you argued? It is an extension of that argument, but it's a different argument because the claims require additional limitations. And so, if the prior art doesn't even address the original limitation in the independent claims, it also doesn't address the additional limitations of using latitude and longitude coordinates. And so, it's just an additional reason why the prior art doesn't meet those additional limitations. And so, because the board's decision doesn't address those limitations at all, the court should remand for the board to address those additional limitations in the dependent claims. Can you turn to your argument that is not focused on 3 and 16? Yes. So, for the inconsistencies in the board's decision, that relates to providing visual access finding under the board's construction. And the board's decision at Appendix 10 says that Claim 16 does not recite a database access step. And that statement is wrong on its face because Claim 16 does recite a database access step. And that statement leads to inconsistencies in the board's decision, in particular with respect to claim construction and the analysis in Footnote 6, where the board is addressing dependent claims 3 and 16. In both those sections, in contrast to what the board said at Appendix 10, the board said that the dependent claims do not recite, or sorry, do recite a database access step. And so, you have a conflict of how the board is understanding Claim 16. And so, under core photonics, that kind of error requires remanding the board's decision. I'm sorry, we've had a long week. But is this the argument you're making and the other side says this was just a typo? The reference to 16, the board clearly read in context, meant Claim 14. If we accept that argument, does your argument go away? The argument regarding the inconsistencies with regard to the claim construction and the footnote goes away. There's still an inconsistency with how the board treated the dependent claims because, again, in claim construction, they recognize that Claims 3 and 16 provide an additional limitation. So that's the first argument you're making. But now on the second argument, it goes away if we accept the fact that there was a typo between the same 16 versus 14. So the inconsistencies go away, but there's still a claim construction issue where there's still an error with the board's claim construction. And so, the court shouldn't affirm under the board's construction of providing visual access. So it resolves the inconsistencies aspect, but it doesn't resolve all the issues in the case. And it clearly is a typo, isn't it? I mean, at 810, the board says they refer to Section 2B, which only addressed 14 and not 16. And they say in short, as if they're summarizing what they had already said. And all of that relates to 14 and not 16. Isn't it clearly a typo? Sorry. Is 2B the claim construction? No, the reference at 810. We declined to adopt that construction for the reasons outlined above in Section 2B. And if you look at 2B, that's about 1 and 14. It's not about 16. Well, so it says we declined to adopt that construction for the reasons outlined above in Section 2B, which is the board's analysis under claim construction. And in that section, the board said that Claim 3 does recite a database access. So it does mention Claim 3, and Claim 16 recites identical limitations. And so there is analysis in Section 2B that shows an inconsistency in the board's analysis. If there are no further questions on the inconsistencies, I can turn to the APA issues, the other APA issue in the board's decision. So this error relates to the board's analysis under pictometries construction, which requires two image access steps. And the board's analysis of the providing visual access limitation under pictometries construction depends on a motivation to combine the references because no single reference teaches a second image access step. And the board's motivation to combine analysis is insufficient under the APA because it doesn't… What's the closest case you have? Because we see a lot of allegations of APA violations these days. Many of which have to do with the fact that the board went beyond what the other side didn't have a chance to respond to because there wasn't a petition. But this is a little bit of an odd one, and it's… I mean, it's two pages. I guess what do you think is the closest precedent that had something like this, several paragraphs in the board opinion, and we concluded that it was an insufficient analysis? That would be nuvasive. In nuvasive, the court expressly said that summarizing the party's arguments and rejecting one side's arguments is not sufficient. And then also providing a conclusory statement is not sufficient. So nuvasive is, I think, directly on point and directly deals with this issue and says that the board's analysis in this case would not be enough. And you've mapped what the board did in nuvasive and what the board did here, and you think it's similar enough? Yes. Yeah. The board here only summarized the party's arguments and only rejected pictometry's arguments and then just provided a single one-line statement with no citation to anything in the record, no citation to any of the party's briefs. And as the court said in nuvasive, that kind of analysis is insufficient. This may not be dispositive, but I'm not sure it's fair to say it's one sentence. Isn't all of that last paragraph at 8.13 under rationale for combining Kennedy and Florence fairly viewed as board analysis? So the first part of that paragraph is just a rejection of pictometry's arguments. So again, nuvasive said that that is not enough. So that sentence doesn't count. Right. Under nuvasive. It does. We may be quibbling here, but it says we disagree with patent owner because, and it does go on to give a reason, doesn't it? Several sentences of reasons. Those are reasons rejecting pictometry's arguments, which, again, under nuvasive, the court said was not sufficient. Wait, why is it not? I mean, that's what you think the board is supposed to do, right? The board is supposed to analyze patent owner's arguments and say why it rejects them. Why is this insufficient? It's not an express adoption of NIRMAP's arguments, and it doesn't explain why the board believes there's an independent reason to have a motivation to combine, and there's no citation to the briefs or the record. If there are no further questions on the APA issues, I'll quickly turn to claim construction. Here the board's claim construction is wrong because it is inconsistent with the intrinsic evidence. Providing visual access does not just mean displaying. It means more. It means access and display. And the specification squarely supports this construction. The specification includes the concept of displaying by defining the term visually depicting. But the patent did not use the term visually depicting in the claims, which means the claim does not just mean displaying. The detailed description also uses the term access once, and in that part of the specification, it refers to accessing images from the database. Those parts of the specification show that providing visual access means you access and display. The board only relied on claim differentiation to support their construction, but the board oversimplifies the dependent claims. You don't think that the claim construction, which given that we're talking about intrinsic evidence which we can decide de novo, can stand independent of the claim differentiation rationale? That is, if we were to agree with you that the claim differentiation point made by the board was actually not persuasive, that still leaves the question whether the bottom line claim construction was correct. And you think that once the claim differentiation rationale is rejected on that assumption, there's nothing left that could support the result? In the board's analysis? No. Oh. It kind of doesn't matter what the board's analysis is on a pure legal question of claim construction. What matters is our analysis when it's only intrinsic evidence. Yes. We think the specification here supports our construction, and so even without the claim differentiation argument, the intrinsic evidence supports our construction of access and display. But again, just really quickly, because I see I'm running out of time. You're pretty much exhausted, Julie, by the time, so very, very quickly. Yes. So, again, the claim differentiation doesn't support the board's construction because the dependent claims recite additional limitations of using latitude and longitude coordinates to access the database and a second imagery database, and so on. We'll restore two minutes, Supreme Court. Thank you. Ms. Raymond, please proceed. Good morning, Your Honor. This may please the Court. I'm Megan Raymond on behalf of NIRMAP. I'd like to start with the APA issues. Then I'll turn to the Claim 3 and 16 issues that Ms. Vu addressed first. I don't plan to address the typo issue unless Your Honors have questions. And then, finally, the on-claim construction if there's time remaining. With respect to the APA issues, here the standard is whether the board's path can reasonably be discerned or is sufficiently clear to enable… I was going to interrupt you. How does this map onto NUVASIV? I mean, do we not have precedent that this Court is similar enough here that we are applying? Sure. So NUVASIV is different because there the PTAB summarized both parties' arguments and then just said plain one would be obvious. And it wasn't clear there that the board adopted any of the petitioner's arguments. And in any case, the petitioner itself didn't explain why there was motivation to go by in any case. In addition there, there wasn't the same citation to the pages of the petition and the petitioner's reply that there is here. And I might also point out the outdrag case where this Court found that the board expressly adopted the petitioner's rationale. And that's because the board said that the petitioner provided a rational underpinning for the arguments. And the board here used the very same language and said the petitioner provided a rational underpinning. Have we, to your knowledge, ever said that one sentence is a satisfactory path for us to reasonably discern what the board was thinking? I'm not aware of a case that said one sentence is a sufficient path, but one, the amount of explanation needs to be commensurate with the complexity of the case. The case up here, the technology isn't complex, the arguments aren't complex. But I would also say here that it's much more than one sentence of explanation. Here the board starts by saying the petitioner's shown obviousness. The board recites an overview of the petitioner's arguments regarding the motivation to combine an accuracy. They then turn to addressing and then rejecting and explaining why they reject patent owner's arguments. And in doing that, the board addresses more details of the rationale for petitioner's proposed combination. And then says that they agree with petitioner's rationale even under patent owner's construction. That's at Appendix 10. Then it goes on on the next page and sets for these reasons and in light of the petitioner's analysis, citing Petition Pages 27 to 37, which is Petition Appendix 87 to 97 here, we agree with petitioner. The board then continues its analysis with respect to petitioner's accuracy arguments. It again rejects the patent owner's arguments, saying we disagree with the patent owner because, and explaining. And it then concludes, given petitioner's accuracy improvement rationale, petitioner has articulated sufficient reasoning with rational underpinning to support its assertion that including Florence's movable markers in Kennedy's system would have been obvious. And that's at Appendix 13. So here there's more than sufficient explanation to make it clear that the accuracy rationale was why the board found that a person of skill would have modified Kennedy in lieu of Florence. If there are no more questions there, moving on then to the Claim 3 and 16 argument. It was spinning, right? We've got a footnote there, right? Or we have the board's footnote. Sure. There is a footnote, but the footnote there goes back and points up and acknowledges the latitude-longitude requirement. It says, as explained above, the combination of the rationale account for the second image retrieval step. That rationale above includes a discussion on Appendix 10, pointing to, and that's under patent owner's construction with the two database access steps. It points to the discussion on 10 and the petitioner's explanation, saying the petitioner explains why one of skill and art would have retrieved Kennedy's two images in separate steps. And that cites Petition 37 explicitly. That's Appendix 97. Appendix 97 specifically addresses retrieving the second image using GPS coordinates. Indeed, in the petition, the petition's own formulation of Ground 1 has two database access steps, and that second database access step is performed by using these GPS coordinates, latitude-longitude. It's also worth noting that Claims 2 and 15 aren't appealed here, and they weren't actually argued below. The patent owner had no separate arguments regarding Claims 2 and 15. Claims 2 and 15 have a latitude-longitude requirement with respect to selecting the final location. So then what that means is Claim 2 already does gather, you know, performs Step 1.5 using the latitude-longitude requirements. So that's not been appealed here, that wasn't argued below, and indeed that was waived. And maybe it's also worth noting a petition on Page 45, which is at Appendix 103, Claim 3, cited up to Claim 2, and again, they didn't address Claim 2 in the patent owner response or the SIR reply. Unless there are other questions on Claim 3 and 16. I don't plan to address the typo issue unless Your Honors have questions. And then with respect to claim construction, then, the plain and ordinary meaning of this phrase does not require database access based on the plain meaning of the term itself. With respect to claim differentiation, what is new is the database access after selection of the final location based on latitude-longitude. Again, what latitude-longitude requirement is in Claim 2, what Claim 3 requires is that that selection is based on the database. So the patent owner knew how to say, after Step 1.4, access the database using this data that you've now gathered in 1.4. It shows not to do that in Claim 1. That may have some, at least, common sense to it, what you're arguing, but is that really what the board said? At 8.6, didn't they sort of apply a strong version of claim differentiation that doesn't really apply neatly here? Because there are other differences between these dependent claims and independent claims that the board doesn't seem to acknowledge, at least in this context. I think the difference with respect to that second database access step, the second requirement regarding providing visual access, the only difference is, indeed, that there was, excuse me, the only difference between the claims is the database access piece of it, because the latitude-longitude piece was already built in, and then what Claim 3 adds is, you know, and access a database. It's also maybe worth noting that the Webinar case cited by Pictometry in its brief to the extent they're suggesting that claim differentiation only applies and the limitation of the dependent claim is the only meaningful difference between the claim, that case says that claim differentiation is clearly applicable there. I think it's also applicable here. It's maybe not as strong. Not clearly, but applicable. Right, exactly, Your Honor. What do you do with, I'm sorry, the specification expressly defines providing visual access. Well, sorry, it expressly defines visually depicting, I think, but not providing visual access. But your argument seems to equate those two things. Yeah, one is a defined term. Isn't that improper under our case law? I don't think so. I don't think the failure to define really says whether the term is defined the same or differently than another term, but I think here what I, I think there is a little bit of confusion because it's not clear to me whether Pictometry is saying the providing visual access language of 1.5 is what creates the database access limitation. That seemed to be perhaps what was being said in the opening brief, I think. On the reply brief, what they've said is that providing visual access, those three words, does not, is not the portion of claim 1.5 that creates the requirement of a second database access. So if that's the case, then whether, you know, there's a similarity or difference between providing visually, providing visual access and visually depicting doesn't really matter because in that case what we're fighting over is the rest of the claim language, which talks about, you know, an image that is of a database. Unless there are other questions, Your Honor, I will cede my time. Thank you. Thank you. We'll restore two minutes of rebuttal. Thank you, Your Honors. I just want to address the NMAAP-raised Appendix 9-10 as additional discussion about how the Board's analysis satisfies the APA because that is additional analysis as to the motivation to combine. But those pages do not address the motivation to combine. Those pages address the providing visual access limitation. And so in that analysis, the Board assumes there is a motivation to combine. It's not independent analysis addressing the motivation to combine. For turning to Claims 2 and 15 for a moment, those claims do not recite the same limitation in Independent Claims 3 and 16. Claims 2 says that the final location is translated to latitude and longitude coordinates. But Claim 2 doesn't say what to do with those latitude and longitude coordinates. It's not until you get to Claim 3 where the claim recites using the latitude and longitude coordinates to access the images from the imagery database. And so that is an additional limitation that is not in Claim 2 or in Claim 1 that the Board failed to address. And it is an additional reason why claim differentiation doesn't apply here because Claims 3 and 16 are not just directed to accessing images from the database. And just again, if providing visual access meant only displaying, the claims would have said depicting or visually depicting. But instead it says providing visual access, which means something different. And here providing visual access means you access and display. In the context of Limitation 1.5, which expressly recites an aerial imagery database, you access the aerial imagery database and then you display. So thank you. Thank you. We thank both sides. The case is submitted.